# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4673 | **DATE** | 10/3/2003 |
| **CASE TITLE** | Wilson vs. Collecto, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion to Dismiss Plaintiff's complaint is denied. Defendant shall respond to Plaintiff's motion for class certification by or on 10/24/03. Plaintiff's reply is due by or on 11/7/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 06 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 17 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 03 OCT -3 PM 3:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID WILSON, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, )
)
v. ) No. 03 C 4673
)
COLLECTO, INC., a Massachusetts )
corporation, d/b/a Collection Company )
of America, )
)
Defendant. )

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Davis Wilson filed a one count complaint against Defendant Collecto, Inc., d/b/a Collection Company of America, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

## **BACKGROUND**

On July 7, 2003, Plaintiff filed this class action complaint alleging that Defendant violated the FDCPA. On July 30, 2003, Defendant sent Plaintiff a Rule 68 Offer of Judgment in the amount of $1,000, plus costs and reasonable attorneys' fees. That amount is the maximum that Plaintiff could recover by statute on his complaint. 15 U.S.C. § 1962k. Plaintiff did not respond to the Offer of Judgment. Instead, on August 12, 2003, Plaintiff filed a motion for class

certification.

## ANALYSIS

Defendant seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction. Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).

### I.  Plaintiff's Claim Is Not Moot

Defendant argues that its Rule 68 Offer of Judgment covered the full amount of relief available to Plaintiff, and that Plaintiff rejected that Offer by failing to respond within ten days. Defendant therefore claims that Plaintiff's FDCPA claim is moot and thus the Court does not have subject matter jurisdiction because there is no actual case or controversy before the Court. Plaintiff argues that he filed a motion for class certification *before* Defendant's Offer of Judgment expired, thus defeating Defendant's mootness argument.

When a defendant offers a plaintiff "the equivalent of a default judgment" through a Rule 68 Offer, he "eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). In *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994), the Seventh Circuit held that if a court certifies a class before the expiration of a Rule 68 Offer of Judgment, the plaintiff can avoid mootness. The *Holstein* court went on to note in dicta that the plaintiff "did not even move for class certification prior to the evaporation of his personal stake." *Id.* In *Greisz*, the Seventh Circuit found that the defendant's offer of judgment -- made *after* the court denied the plaintiff's motion for class certification -- rendered the case moot. As the court noted, "You cannot persist in suing after

2

you've won." *Greisz*, 176 F.3d at 1015. The *Greisz* court proceeded to comment that the case would have been different if the defendant had made its Offer of Judgment before the district court denied the motion to certify the class. Contrary to Defendant's assertion, these Seventh Circuit cases do not address the issue currently before the Court – whether the filing of a motion for class certification after a defendant makes an Offer of Judgment but before the ten day period expires renders the plaintiff's claim moot.

Several courts in this District have addressed this precise question and concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of Plaintiff's claim. *See Parker v. Risk Mgmt. Alternative, Inc.*, 204 F.R.D. 113, 115 (N.D. Ill. 2001) (claim not mooted where class certification motion filed before expiration of ten day period); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D. Ill. 2001) (case not mooted where plaintiff "sought class certification during the ten days following the Rule 68 offer of judgment" because class certification motion "suspend[s] the Rule 68 offer of judgment directed toward him, due to the possibility that the 'adverse party' would change materially upon certification"); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400-01 (N.D. Ill. 2000) (same); *McCabe v. Crawford & Co.*, No. 01 C 8194, 2003 WL 21639128, at *9 (N.D. Ill. July 8, 2003) (same). The Court agrees with the reasoning of these courts. As Judge Kocoras noted, "To conclude otherwise would invite the kinds of abuses and injustices that Justice Brennan described[1] and that our brethren Courts have sought to avoid."

---

[1] In *Marek v. Chesny*, 473 U.S. 1, 34 n.49, 105 S. Ct. 3012, 3030 n.49, 87 L. E. 2d 1 (1985) (Brennan, J., dissenting), Justice Brennan recognized the problems in applying Offers of Judgments and their ten day expiration period to the class action context. He noted that class action settlements require court approval while Rule 68 provides for judgment upon the plaintiff's acceptance. Justice Brennan further noted that the ten day expiration period is "a

3

*Kremnitzer*, 202 F.R.D. at 244.

This is especially true given that Plaintiff's complaint is styled as a class action suit. In his prayer for relief, Plaintiff specifically asks the Court to certify his action as a class action and to appoint Plaintiff to represent the class. Based on the clear information in the complaint, Defendant knew that Plaintiff "sought relief beyond merely his personal statutory damages." *Parker*, 204 F.R.D. at 114.

Defendant argues that two other district court cases in the Northern District of Illinois have found otherwise. To the contrary, in *Letellier v. First Credit Services, Inc.*, No. 00 C 6316, 2001 WL 826873, at *4 (N.D. Ill. July 20, 2001), Judge Coar granted the motion to dismiss and specifically noted that "there was no motion to certify a class in this case before the court either at the time [Defendant] presented its Offer to [Plaintiff] *nor at any time during the ten-day pendency period.*" *Id.* (emphasis added). Similarly, in *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937, 938 (N.D. Ill. 2000), Judge Gettleman noted that Plaintiff filed her motion for class certification "well after the Rule 68 offer had lapsed." Defendant's reliance on these cases is misplaced as they support Plaintiff's argument, not Defendant's.

## II. Plaintiff Timely Filed His Motion for Class Certification

The Court must next determine whether Plaintiff timely filed his motion for class certification within the ten day period. Defendant mailed its Offer of Judgment on July 30, 2003. Plaintiff thereafter filed his motion for class certification on August 12, 2003. The Court's computation of the 10 day period must comport with Federal Rule of Civil Procedure 6(a) which

---

virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval." *Id.*

4

excludes weekends, holidays and the day Defendant mailed the Offer of Judgment from the ten day calculation. In addition, Rule 6(e) provides for an additional three days where service is by mail. *See also United States v. Hendricks*, No. 92 C 1461, 1993 WL 226291, at *1 (N.D. Ill. June 24, 1993). Excluding weekends and adding three days for the mailing, the 10 day period expires on August 18, 2003. Accordingly, Plaintiff filed his motion for class certification before the expiration of the 10 day period. Defendant's argument that the Rule does not support the extra three days because Plaintiff received the Offer of Judgment on July 31 is not supported by a plain reading of the rule.[2]

### III. Plaintiff Has Stated A Claim

Defendant also seeks to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). While a complaint need not set out in detail the facts upon which a plaintiff bases his claim, *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985), it must "include either direct or inferential allegations with respect to all material elements of the claims

---

[2] Defendant also contends that Plaintiff is not an adequate class representative because he filed for Chapter 13 bankruptcy. This argument is better suited as a response to Plaintiff's motion for class certification.

asserted." *Indus. Hard Chrome Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 744 (N.D. Ill. 1999) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)).

Plaintiff asserts that Defendant sent him a form collection letter, dated July 9, 2002 (the "July letter"), demanding payment for a debt allegedly owed to Cingular Wireless. Plaintiff alleges that Defendant sent him a second form collection letter, dated August 7, 2002 (the "August letter"), demanding payment for the same alleged debt. He contends that the language in the August letter renders the validation notice in the July letter ineffective. He further alleges that the August letter confuses the unsophisticated consumer by creating a false sense of urgency as to whether the 30 day validation period has already expired. Plaintiff asserts that Defendant's form collection letters violate Section 1692g of the FDCPA because they create a false sense of urgency as to whether the 30-day validation period has expired and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt.

These allegations are sufficient to state a claim under Section 1692g of the FDCPA. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000) ("a FDCPA complaint states a legal claim, and therefore a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing"); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("The conclusion that Walker's complaint states a claim on which relief may be granted and therefore may not be dismissed under Rule 12(b)(6) follows directly from the proposition that "confusion" is a matter of fact rather than law"); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6))."). Therefore, Defendant's motion is denied.

## CONCLUSION

Defendant's motion to dismiss is denied in its entirety.

DATED: October 3, 2003   ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge