# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4673 | **DATE** | 2/24/2004 |
| **CASE TITLE** | David Wilson vs. Collecto, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for class certification is granted.

*/s/ Amy J. St. Eve*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| ✓ | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 2 5 2004

DAVID WILSON, individually and on behalf )
of all others similarly situated, )
)
       Plaintiff, )
)
v. ) No. 03 C 4673
)
COLLECTO, Inc., a Massachusetts )
corporation, d/b/a Collection Company )
of America, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff David Wilson moved for certification of a class of debtors affected by an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by Defendant Collecto, Inc. ("Collecto"). Collecto filed a memorandum in opposition to class certification. For the reasons discussed below, Plaintiff's motion is granted.

### BACKGROUND

In a letter dated July 9, 2002 (the "First Letter"), Defendant informed Plaintiff that his account with Cingular Wireless ("Cingular") had been placed with Defendant for collection. In accordance with the FDCPA, the letter further stated that

> [u]nless you dispute the validity of your debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.



Plaintiff did not respond to the First Letter. In a letter dated August 7, 2002 (the "Second Letter"), Defendant informed Plaintiff that

> [a]s a result of your continued failure to liquidate the above reference [sic] account, we have on this day informed our client that you have not paid this debt or made arrangements to pay. You should know that our client has the right to take further steps to collect this account.
>
> Your unpaid account can negatively affect your credit for many years. If you can't pay this in full, please call to discuss a payment arrangement today.
>
> We urge you to contact this office today.

Plaintiff filed the Complaint in this action on July 7, 2003, alleging that Collecto violated § 1692g of the FDCPA when it sent the Second Letter within thirty days of the First Letter, thus overshadowing and rendering ineffective the notice provided in the First Letter.[1] Plaintiff asserted that he brought the action on behalf of all consumer debtors in Illinois from whom Defendant attempted to collect debts using letters such as the First and Second Letters where the Second Letter was sent within 30 days of the First Letter.[2]

On July 8, 2003, Plaintiff filed a Chapter 13 bankruptcy petition, listing his claim against Defendant as "Property Claimed as Exempt" with a listed value of $1000. On October 29, 2003, Bankruptcy Judge Black issued an order confirming Plaintiff's Chapter 13 plan.

---

[1] § 1692g of the FDCPA requires debt collectors to give notice to debtors, *inter alia*, that they have 30 days to dispute debts before debts are assumed to be valid. Plaintiff claims that the First and Second Letters contained confusing statements regarding demands for payment and the right to dispute debts.

[2] Plaintiff limited the proposed class to those debtors who had been the subject of Collecto's collection attempts during the year preceding the filing of the Complaint.

2

## LEGAL STANDARDS

Rule 23(a) of the Federal Rules of Civil Procedure provides the threshold requirements for all federal class action suits: (1) numerosity (the class must be so large "that joinder of all members is impracticable"); (2) commonality (there must exist "questions of law or fact common to the class"); (3) typicality (named parties' claims "are typical . . . of the class"); and (4) adequacy of representation (the representative must be able to "fairly and adequately protect the interests of the class"). *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997)).

Additionally, a party seeking certification of a class must show that the proposed class satisfies one of the requirements set forth in Rule 23(b). In this case, Plaintiff requests that the Court certify the class pursuant to Rule 23(b)(3). This subsection applies when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

"[T]he party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)). In determining whether a party has carried this burden, a court need not accept all of the complaint's allegations as true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Rather, in deciding whether to certify a class, a judge "should make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676.

## ANALYSIS

### I. Numerosity

In order to satisfy the requirement of numerosity, Plaintiff must show that the number of members in the class is so large that joinder would be impracticable. Fed. R. Civ. P. 23(a). Defendant correctly points out that this standard requires Plaintiff to show that such joinder would be extremely difficult or inconvenient. *See Danis v. USN Communications, Inc.*, 189 F.R.D. 391, 399 (N.D. Ill. 1999). "The exact number of class members need not be pleaded or proved, but impracticability of joinder must be positively shown, and not merely speculative." *Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452, *3 (N.D. Ill. Mar. 19, 1996); *Gomez v. Cumerford*, 883 F. Supp. 702, 706 (N.D. Ill. 1993).

Plaintiff has asserted 280 potential members of this class. Defendant attempts to limit this number, arguing that Plaintiff has pled that only 35 debtors actually received the Second Letter within 30 days of the first. As discussed below, Plaintiff has pled a sufficient cause of action on behalf of the class of debtors who received letters that were sent within the 30-day period. Given the number of potential claimants, and considering the fact that individual plaintiffs in this case would be unlikely to sue on their own, the Court finds that joinder is impracticable. *See Keele*, 1996 WL 124452 at *3. Plaintiff has therefore met the numerosity requirement of Rule 23.

### II. Commonality

Rule 23 requires Plaintiff to show that "there are questions of law or fact common to the class." Fed R. Civ. P. 23(a)(2). The rule does not require perfect harmony throughout the class. "The presence of some factual variations among class members' experiences will not defeat class

4

certification." *Wagner v. NutraSweet Co.*, 170 F.R.D. 448, 451 (N.D. Ill. 1997) (citing *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992)). Plaintiff points out that each member of the class received a Second Letter that was sent within thirty days of a First Letter. This, Plaintiff argues, provides a common issue as to whether or not such letters violate the FDCPA. Defendant, on the other hand, argues that differences in (1) dates of receipt of the Second Letters and (2) classification of underlying debt destroy commonality in this case. The Court disagrees.

### A. Timing of Violation

Defendant argues that the timing issue destroys commonality. Because each member of the purported class would have to show that he received the Second Letter within the thirty-day period, Defendant argues, each prospective plaintiff would present a unique issue of fact. Plaintiff counters that the Defendant's violation of the FDCPA occurred on the date Defendant mailed the letter. Because the class would be limited to those debtors who received letters dated within thirty days of each other, Plaintiff argues, the class suffered a common injury.

In support of its position that the date of mailing is determinative, Plaintiff points to cases construing the FDCPA's statute of limitations. Several courts have found that "under the FDCPA, the violation occurs when the debt collector mails the letter." *Friedman v. Anvan Corp.*, No. 97 C 2364, 1998 WL 559779 *2 (N.D. Ill. Aug. 28, 1998); *see also Friedman v. HHL Fin. Serv., Inc.*, No. 93 C 1545, 1993 WL 286487 *2 (N.D. Ill. Jul. 29, 1993). Finding that the statute of limitations had run based on a date calculated from the mailing of the offending letter, these courts impose a burden on debtors to file suit within a year of the collector's action. Because courts give the burden of the earlier date to debtors in the statute of limitations context, it seems appropriate that they also have the benefit of the earlier date in a § 1692g

5

overshadowing analysis.

Regardless, for each of the 280 debtors to whom Defendant has admitted sending a Second Letter within thirty days of a First Letter, Defendant had to have known that — barring a mail service mishap — the Second Letter would arrive within the statutory thirty days of receipt of the First Letter. Defendant may not hope for such mishaps to defeat commonality with respect to the timing of the alleged FDCPA violations.

**B.     Business Debt**

Defendant argues that because the FDCPA does not apply to business debts, each member of the class will have unique issues as to the nature of her debt to Cingular. Further, Defendant points to Plaintiff's self-described "hobby" of selling items through eBay and a booth at a local antique mall, maintaining that there is an issue as to whether the Cingular debt was a business debt in connection with Plaintiff's sales. In response to this argument, Plaintiff points to *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998). In that FDCPA case, the defendant argued that the putative class lacked commonality because the court would have to determine, for each member, whether business or personal debt gave rise to the collection at issue. Rejecting this argument, Judge Bucklo held that "[t]hose individuals that received a collection letter based on business debts should not be included as class members. But this has no bearing on the issues common to the class . . . ."[3] *Id.* at 258. "The fact that some of the proposed class members may not

---

[3] Judge Bucklo held that the representative had alleged that her debt was personal in nature, and that this allegation must be taken as true. *Sledge*, 182 F.R.D. at 258. Given the ruling of the Seventh Circuit in *Szabo*, this aspect of the *Sledge* opinion is no longer persuasive. As the Court noted above, the Seventh Circuit held that a judge should not take a plaintiff's allegations as true, but "should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo*, 249 F.3d at 676.

ultimately meet the requirements to be part of the class does not defeat commonality." *Id.* at 258.

In this case, Plaintiff alleges that his debt to Cingular arose from personal use of a wireless telephone. Plaintiff's deposition testimony is consistent with the personal-use allegation. Defendant has not brought any evidence of business use of the Cingular telephone at issue.[4] The weight of the evidence, therefore, supports Plaintiff's allegation that his debt was personal in nature. Because there are issues common to all proposed class members, Rule 23's commonality requirement is satisfied.

### III. Typicality

The typicality requirement of Rule 23 is closely related to commonality. "The typicality requirement is met when the representative party's claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Ludwig v. Pilkington North America, Inc.*, No. 02 C 1086, 2003 WL 22478842, *3 (N.D. Ill. Nov. 4, 2003) (citing *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal quotation omitted).

Defendant's opposition to typicality is essentially identical to its opposition to commonality. Defendant argues that Plaintiff's claim is not typical of the claims of the class because not all class members can show that they received the offending letter within thirty days of the First Letter. As discussed above, this argument fails. The critical, common, and typical issue in this case is whether Defendant sent a confusing letter to a class of debtors before the

---

[4] On December 4, 2003, the Court granted Defendant's motion to compel with respect to certain documents related to this issue. Defendant filed its opposition to class certification on December 3, 2003, and has not supplemented the filing with any evidence supporting its business-use allegation.

7

thirty-day period for debt disputes had run. As discussed above, a violation of the FDCPA can occur when the offending letter is mailed by the debt collector. Accordingly, all members of the proposed class have claims with essentially the same characteristics — in terms of common events and legal theories — as Plaintiff's claim.

Defendant also argues that the business-debt issue precludes a finding of typicality in this case. As discussed above, Plaintiff has sufficiently alleged that his debt to Cingular was personal in nature. Defendant has presented no evidence to the contrary. Therefore, Plaintiff's claim is typical of the proposed class claim insofar as it is predicated by a personal debt. To the extent members of the proposed class assert that only business debts underlie the offending collection effort, however, such debtors will be excluded from the class.

## IV. Adequate Representation

The final requirement of Rule 23(a) calls for the Court to examine whether the proposed representative of a class will fairly and adequately represent the interests of the class. "This requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class, . . . (2) the named representative must have sufficient interest in the outcome to ensure vigorous advocacy, . . . and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously." *Carbajal v. Capital One, F.S.B.*, No. 03 C 1123, 2004 WL 125089, *3 (N.D. Ill. Jan. 4, 2004) (citing *Gammon v. GC Serv. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citations and internal quotations omitted)). Defendant has not challenged the adequacy of Plaintiff's counsel. Rather, Defendant challenges Plaintiff's personal adequacy to represent the proposed class because (1) Defendant has fact-intensive defenses to Plaintiff's individual claim;

8

(2) Plaintiff has declared Chapter 13 bankruptcy, and his bankruptcy case is still pending; and (3) Plaintiff lacks the understanding required to represent the class.

With regard to Defendant's individual defenses, the Court has already addressed the business-debt and timing-of-receipt issues. These arguments fail to cast doubt upon Plaintiff's adequacy as the class representative. Defendant also contends that because Plaintiff never intended to dispute the underlying debt and was never actually confused by the Second Letter, he is not an adequate representative. These arguments also fail. Violations of the FDCPA are determined by applying the "unsophisticated consumer" standard to the letters at issue. Accordingly, such analysis "is not dependant upon actual reliance by the plaintiff." *Sledge*, 182 F.R.D. at 258 (citing *Gammon*, 27 F.3d at 1257). These particular defenses to Plaintiff's individual claim, therefore, do not affect the adequacy of Plaintiff's representation of this proposed class.

Defendant next argues that the trustee in Plaintiff's bankruptcy has the right to substitute as the real party in interest in this action. Such a substitution, Defendant argues, would give rise to conflicting duties owed to Plaintiff's creditors and the members of the purported class. Plaintiff counters that the Bankruptcy Court confirmed Plaintiff's Chapter 13 plan, thus vesting to Plaintiff all property not specifically mentioned in the plan. The Court agrees with Plaintiff. The Bankruptcy Court confirmed Plaintiff's plan, which listed the FDCPA claim as exempt. Plaintiff's FDCPA claim, therefore, is beyond the reach of the bankruptcy trustee. *See In re Bell*, 225 F.3d 203, 216 (2$^d$ Cir. 2000) ("It is well-settled law that the effect of . . . exemption is to remove property from the estate and vest it in the debtor.") *In re Yonikus*, 996 F.2d 866, 870 (7th Cir. 1993). Defendant's cited case, *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003), is

inapplicable. In that case, the court prevented a bankruptcy trustee from acting as a representative plaintiff in a FDCPA class action suit. The debtor (the original named plaintiff in the class action), however, had not claimed the suit as exempt property as Plaintiff has done in this case.

Defendant's third argument, that Plaintiff lacks the understanding to serve as class representative, also fails. Plaintiff's deposition testimony shows at least the minimum understanding of his claims, and exhibits a willingness and commitment to represent the proposed class. As Defendant has shown neither conflict between Plaintiff and the proposed class nor a lack of minimum understanding of the claim or his role in this action, Plaintiff is an adequate representative of the proposed class.

## V.     Rule 23(b)(3) Analysis

Rule 23(b)(3) requires the Court to find that questions of law or fact common to the class predominate over individual questions, and that the class action offers a superior form of adjudicating this matter. Defendant opposes certification under this section with the same objections discussed above. None of the purported individual issues predominate over the common issue in this case. Further, the recovery for each individual plaintiff would be small, making it unlikely that individual plaintiffs would file separate suits. Likewise, the issue in this case — whether or not a form letter violated the FDCPA — is particularly well-suited for adjudication under Rule 23.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for class certification is granted.

Dated: February 24, 2004        ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge